[No. 21082-1-III.   Division Three.   June 5, 2003.]

THE STATE OF WASHINGTON, *Appellant*, v. WILLIAM GEORGE WOOD, *Respondent*.

*Steven J. Tucker, Prosecuting Attorney,* and *Kevin M. Korsmo* and *Andrew J. Metts III, Deputies,* for appellant.

*Donald G. Miller,* for respondent.

SCHULTHEIS, J. — The State asks us to review the trial court's decision regarding a particular fine in a drug offender case. William Wood contends a Drug Offender Sentencing Alternative (DOSA) sentence may not be appealed by the State. Our Supreme Court has recently determined the State has the right to challenge claimed legal errors in determining which provisions of a DOSA sentence apply under a particular set of circumstances. *State v. Williams,* 149 Wn.2d 143, 65 P.3d 1214 (2003). Finding no abuse of discretion, the trial court decision is affirmed.

## FACTS

Mr. Wood was contacted at his home in Spokane County on March 14, 2000 by law enforcement officials with a warrant to search for evidence of a methamphetamine lab. After he willingly signed the search consent form, Mr. Wood allowed the officers to enter his residence. Evidence of the meth lab was immediately visible to the officers. Mr. Wood was read his constitutional rights and voluntarily waived them. He admitted to purchasing meth precursor products and said he had recently started cooking the illegal drug in his home.

Mr. Wood was arrested and charged with manufacture of a controlled substance—methamphetamine, in violation of RCW 69.50.401(a). He pleaded guilty to the charge and was sentenced under DOSA, receiving a standard range sentence. At the sentencing hearing, evidence was presented that Mr. Wood had already paid $14,000 out of pocket to have his property cleaned up from the residue of the meth lab. The court, relying on *State v. Hunter*, 102 Wn. App. 630, 639, 9 P.3d 872 (2000), believed it had discretion to waive the otherwise mandatory $3,000 cleanup fee authorized by RCW 69.50.401(a)(1)(ii).

The State filed a timely notice of appeal of the court's decision and briefing was completed. The clerk of this court later requested the parties brief the issue of whether the DOSA sentence was appealable.

## ANALYSIS

### 1. Appealability

Before considering the merits of the State's appeal we first determine whether the trial court's decision, under a standard range DOSA sentence, to waive the lab cleanup fee pursuant to RCW 69.50.401 may be appealed by the State. Mr. Wood argues the State may not appeal a standard range sentence such as one imposed under DOSA.

Because of our Supreme Court's recent decision in *Williams*, 149 Wn.2d 143, he is incorrect.

■ Under the statute governing DOSA, a judge may sentence a drug defendant to a period of punishment equal to the midpoint of the standard sentencing range, with half the period spent in incarceration and the other half spent in a substance abuse treatment program and community custody. Former RCW 9.94A.120(6)(b) (1999).[1] We agree with Mr. Wood that, in general, the State may not challenge a standard range sentence. RAP 2.2(b)(6); former RCW 9.94A.210(1) (1989); *Williams*, 149 Wn.2d at 145-46. However, this rule does not prohibit the right of a party to challenge the underlying facts and legal conclusions by which a court applies a particular sentencing provision. *See State v. Mail*, 121 Wn.2d 707, 712, 854 P.2d 1042 (1993) (permits appellate review of a criminal sentence when a defendant can demonstrate that the "sentencing court had a duty to follow some specific procedure required by the [Sentencing Reform Act of 1981, chapter 9.94A RCW], and that the court failed to do so"). Appellate review is still available for the correction of legal errors or abuses of discretion regarding the terms of the sentence applied. *Williams*, 149 Wn.2d at 147.

## 2. Waiver of Contribution

The State's appeal deals with RCW 69.50.401(a)(1)(ii), the statute that authorizes a fine that may be imposed on defendants convicted of drug related crimes. The State claims the drug fund payment is a mandatory fine and the trial court erred when it refused to impose this drug site cleanup fine against Mr. Wood. We disagree.

■ As will be seen below, the imposition of the drug fine is discretionary with the trial court. Accordingly, we utilize the abuse of discretion standard in deciding this issue.

---

[1] Former RCW 9.94A.120 was recodified as RCW 9.94A.505 by LAWS OF 2001, chapter 10, section 6. RCW 9.94A.505(2)(a)(viii) provides that DOSA sentences are now imposed under RCW 9.94A.660.

*Hunter*, 102 Wn. App. at 640. Discretion is abused only if the court's decision is manifestly unreasonable or based on untenable grounds or reasons. *State v. Stenson*, 132 Wn.2d 668, 701, 940 P.2d 1239 (1997).

Pursuant to RCW 69.50.401(a)(1)(ii), when a defendant is convicted of a drug related crime, he or she may be required to contribute to a county or interlocal drug cleanup fund. 13B SETH A. FINE & DOUGLAS J. ENDE, WASHINGTON PRACTICE: CRIMINAL LAW § 3613 (Supp. 2003) (citing *Hunter*, 102 Wn. App. at 639). Although the facts of the *Hunter* case are not applicable to the case before us, we agree with the *Hunter* court that the statutory cleanup fund is a contribution rather than a fine. *Hunter*, 102 Wn. App. at 639. However, the *Hunter* court also determined the cleanup fund contribution was analogous to a fine. *Id*. We agree with this analysis.

When interpreting a statute, we are required to give the words of a statute their plain meaning. *City of Seattle v. State*, 136 Wn.2d 693, 701, 965 P.2d 619 (1998) (statutes must be construed to give effect to all the language used, with no portion rendered meaningless or superfluous). Here, the statute at issue states in relevant part:

> (a) Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance.
>
> (1) Any person who violates this subsection with respect to:
>
> . . . .
>
> (ii) amphetamine or methamphetamine, is guilty of a crime and upon conviction may be imprisoned for not more than ten years, *or* (A) fined not more than twenty-five thousand dollars if the crime involved less than two kilograms of the drug, *or* both such imprisonment and fine; . . . Three thousand dollars of the fine may not be suspended. As collected, the first three thousand dollars of the fine must be deposited with the law enforcement agency having responsibility for cleanup of laboratories, sites, or substances used in the manufacture of the methamphetamine. The fine moneys deposited with that law enforcement agency must be used for such clean-up cost . . . .

RCW 69.50.401 (emphasis added). We interpret this to mean that a person such as Mr. Wood, who has been convicted of a crime involving methamphetamine, may be punished by imprisonment, or a fine, or both. *If* a fine is imposed, the first $3,000 collected must go to the drug site cleanup fund. We do not interpret the statute as requiring a mandatory $3,000 fine as suggested by the State. As written, the statute authorizing a contribution to the drug cleanup fund is discretionary with the trial court.

The facts disclose that Mr. Wood had spent approximately $14,000 of his own money to clean up the property on which the meth lab was discovered. The court took this into consideration and, in its discretion, decided not to impose any sort of fine that would go toward the drug cleanup fund. Because the court properly interpreted the statute, we find no abuse of discretion.

Affirmed.

BROWN, C.J., and SWEENEY, J., concur.