[No. 41436-8-II.   Division Two.   September 20, 2011.]

THE STATE OF WASHINGTON, *Respondent*, v. JOSE GABRIEL CORONA, *Appellant*.

*Lisa E. Tabbut*, for appellant.

*Anthony F. Golik, Prosecuting Attorney*, and *Anne M. Cruser, Deputy*, for respondent.

¶1 QUINN-BRINTNALL, J. — Jose Corona pleaded guilty to two counts of delivery of methamphetamine, in violation of RCW 69.50.401(1) and (2)(b). At sentencing, the trial court imposed a $3,000 drug clean-up fine. Corona appeals, arguing that the trial court abused its discretion because the trial court erroneously believed that the $3,000 fine was mandatory. The State agrees with Corona and concedes that he is entitled to a new sentencing hearing on remand. We accept the State's concession and remand for resentencing.

## FACTS

¶2 On October 13, 2010, Jose Corona pleaded guilty to two counts of delivery of methamphetamine, in violation of RCW 69.50.401(1) and (2)(b). The trial court accepted Corona's guilty plea and scheduled sentencing for October 20, 2010.

¶3 At sentencing, Corona argued that RCW 69.50.401(2)(b) does not mandate a $3,000 drug clean-up fine for all methamphetamine delivery convictions. Corona argued that the $3,000 fine applied only to cases involving more than two kilograms of methamphetamine, and the State countered that the standardized guilty plea form indicated that the

$3,000 fine was mandatory.[1] That form read, in relevant part,

> If this crime involves the manufacture, delivery, or possession with the intent to deliver methamphetamine, including its salts, isomers, and salts of isomers, or amphetamine, including its salts, isomers, and salts of isomers, a mandatory methamphetamine clean-up fine of $3,000 will be assessed. RCW 69.50.401(2)(b).

Clerk's Papers at 8-9. The trial court fined Corona $3,000 in drug clean-up costs, stating, "Well, that's the way the State interpreted it. So, I guess I have to do the $3,000.00. That's—not the State but the—the forms. Their interpretation." Report of Proceedings at 16. The trial court sentenced Corona to concurrent 40 months confinement for both charges and 12 months of community custody. Corona timely appeals.

## DISCUSSION

¶4 Corona argues that the trial court abused its discretion in sentencing him because it erroneously believed that imposition of the $3,000 fine was mandatory. Corona argues that he is entitled to a new sentencing hearing for reconsideration of the fine imposed by the trial court. The State concedes that the trial court erroneously believed that the fine was mandatory and agrees that Corona is entitled to a new sentencing hearing on remand.

¶5 We reverse a sentencing court's decision only if we identify a clear abuse of discretion or misapplication of the law. *State v. Porter*, 133 Wn.2d 177, 181, 942 P.2d 974 (1997) (citing *State v. Elliott*, 114 Wn.2d 6, 17, 785 P.2d 440, *cert. denied*, 498 U.S. 838 (1990)). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds; this standard is also violated

---

[1] Here, the offenses did not involve more than two kilograms of methamphetamine.

when a trial court makes a reasonable decision but applies the wrong legal standard or bases its ruling on an erroneous view of the law. *State v. Dixon*, 159 Wn.2d 65, 76, 147 P.3d 991 (2006) (quoting *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003)); *State v. Hudson*, 150 Wn. App. 646, 652, 208 P.3d 1236 (2009). When we review whether a trial court applied an incorrect legal standard, we review de novo the choice of law and its application to the facts in the case. *State v. Haney*, 125 Wn. App. 118, 123, 104 P.3d 36 (2005); *State v. Whelchel*, 97 Wn. App. 813, 817, 988 P.2d 20 (1999), *review denied*, 140 Wn.2d 1024 (2000); *see State v. Carlyle*, 84 Wn. App. 33, 35-36, 925 P.2d 635 (1996).[2]

¶6 RCW 69.50.401(2) allows a trial court to impose a prison term, or a fine, or both as follows:

> Any person who violates this section with respect to:
>
> . . . .
>
> (b) Amphetamine, including its salts, isomers, and salts of isomers, or methamphetamine, including its salts, isomers, and salts of isomers, is guilty of a class B felony and upon conviction *may be imprisoned for not more than ten years, or (i) fined not more than twenty-five thousand dollars if the crime involved less than two kilograms of the drug*, or both such imprisonment and fine; or (ii) if the crime involved two or more kilograms of the drug, then fined not more than one hundred thousand dollars for the first two kilograms and not more than fifty dollars for each gram in excess of two kilograms, or both such imprisonment and fine. Three thousand dollars of the fine may not be suspended. As collected, the first three thousand dollars of the fine must be deposited with the law enforcement agency having responsibility for cleanup. . . . The fine moneys deposited with that law enforcement agency must be used for such clean-up cost.

---

[2] The distinctions in our standard of review cannot be overstated. Under an abuse of discretion standard, we defer to the decision of the trial court and will reverse only when the trial court's decision rests on untenable grounds. But we review de novo the trial court's choice of law, its interpretation, and its application to the facts of the case. *Whelchel*, 97 Wn. App. at 817. Thus, to determine whether the trial court committed an error of law, which is included in the abuse of discretion standard, we review the alleged error of law itself de novo.

(Emphasis added.) Because Corona's offense involved less than two kilograms, the imposition of a fine, including a $3,000 drug clean-up fine, is discretionary under RCW 69.50.401. *State v. Wood*, 117 Wn. App. 207, 212, 70 P.3d 151 (2003) ("the statute authorizing a contribution to the drug cleanup fund is discretionary with the trial court").

¶7 Here, the sentencing court erred in imposing the $3,000 fine based on its erroneous determination that the clean-up fine was mandatory. *Wood*, 117 Wn. App. at 212. The sentencing court thus erred in imposing Corona's sentence. *Dixon*, 159 Wn.2d at 76; *Hudson*, 150 Wn. App. at 652. Accordingly, we accept the State's concession and remand for resentencing in accordance with this opinion.[3]

ARMSTRONG and VAN DEREN, JJ., concur.

---

[3] Because we remand for resentencing, we do not reach Corona's claim that he received ineffective assistance of counsel.