[No. 66614-2-I.   Division One.   January 17, 2012.]

THE STATE OF WASHINGTON, *Appellant*, v. ROBERT STUART
WILLHOITE, *Respondent*.

*Mark K. Roe, Prosecuting Attorney*, and *Seth A. Fine, Deputy*, for appellant.

*Gregory C. Link* (of *Washington Appellate Project*), for respondent.

¶1 GROSSE, J. — When, as here, the facts are undisputed that the defendant did not have a relationship with any of the victims involved in the crime, the defendant is not eligible for a special sex offender sentencing alternative (SSOSA) under the plain language of the statute that requires as a condition of eligibility the existence of a relationship with the victim. Accordingly, we reverse and remand for resentencing.

## FACTS

¶2 Robert Willhoite pleaded guilty to one count of possession of depictions of a minor engaged in sexually explicit conduct and one count of dealing in such depictions. According to the affidavit of probable cause, federal agents identified Willhoite as a user of a web site that was used to distribute child pornography. Willhoite uploaded three images to the site depicting children aged two through seven engaged in sexual acts with adult males. Police seized his computer pursuant to a search warrant, and a search of the computer revealed several depictions of young children engaged in sexually explicit conduct. Following the seizure of his computer, Willhoite met with a detective at the sheriff's office and admitted that he had downloaded

hundreds of images of minors engaged in sexually explicit conduct.

¶3 The State charged Willhoite with one count of possession of depictions of a minor engaged in sexually explicit conduct and one count of dealing in such depictions. As part of the plea agreement, the State agreed to recommend 31 months' confinement on each count, the bottom of the standard ranged for the dealing charge. Willhoite agreed that the court could consider at sentencing facts contained in the affidavit of probable cause.

¶4 Before sentencing, Willhoite obtained a sexual deviancy evaluation. During this evaluation, he admitted that he viewed child pornography an average of four times weekly, concentrating mostly on females aged 5 through 10, and denied that he knew any of the children in the pictures he viewed. The evaluator concluded that he was a reasonable candidate for community-based sexual deviancy treatment.

¶5 At sentencing, Willhoite asked the court to sentence him under the SSOSA, which allows the court to impose a suspended sentence subject to a number of conditions, including completion of appropriate treatment.[1] The State opposed a SSOSA, contending that Willhoite was ineligible under the statute because he did not meet the requirement that he had a relationship with the victims. The court noted that the Department of Corrections recommended a SSOSA and concluded that this statutory requirement did not apply in this case because there was no victim, as that term is defined in the statute, because there was no evidence in the record about the particular harm suffered by these victims.[2] The court then imposed a SSOSA sentence of 34 months for the possession charge and 41 months for the

---

[1] RCW 9.94A.670(4), (5).

[2] The statute defines "victim" as "any person who has sustained emotional, psychological, physical or financial injury to person or property as a result of the crime charged." RCW 9.94A.670(1)(c).

dealing charge, both of which were suspended on condition of 9 months' confinement and 36 months' outpatient treatment. The State appeals the sentence.

## ANALYSIS

¶6 Willhoite contends that the State is barred from appealing his sentence because it was within the standard range and the State fails to allege any legal error that the trial court committed in its imposition. Willhoite is correct that a standard range sentence is generally not appealable.[3] But as he also acknowledges, appellate review of a sentence is available to the State to correct legal errors or abuses of discretion in determining which sentence applies.[4] Additionally, a party may challenge the underlying facts and legal conclusions by which a court applies a particular sentencing provision.[5] RAP 2.2(b)(6) also permits the State to appeal a criminal sentence that "includes provisions that are unauthorized by law" or "omits a provision that is required by law."

¶7 In *State v. Williams*, the court held that the State could appeal the trial court's determination of the defendant's eligibility for special sentencing under the drug offender sentencing alternative provisions of RCW 9.94A-.660 because the grounds for appeal were not challenges to a standard range sentence but rather "challenges to claimed legal errors in determining which sentencing provision applies."[6] Likewise here, the State does not challenge the length of the standard range sentence, but challenges the court's determination that the SSOSA sentencing provision applies, contending that the statutory criteria for

---

[3] RCW 9.94A.585; RAP 2.2(b)(6).

[4] *State v. Kinneman*, 155 Wn.2d 272, 283, 119 P.3d 350 (2005).

[5] *Kinneman*, 155 Wn.2d at 283; *State v. Wood*, 117 Wn. App. 207, 210, 70 P.3d 151 (2003).

[6] 149 Wn.2d 143, 144, 147, 65 P.3d 1214 (2003).

eligibility for that sentence were not met. Thus, the State's appeal of the SSOSA is properly before this court.

■ ¶8 The eligibility requirements for a SSOSA are set forth in RCW 9.94A.670(2), which provides:

An offender is eligible for the special sex offender sentencing alternative if:

(a) The offender has been convicted of a sex offense other than a violation of RCW 9A.44.050 or a sex offense that is also a serious violent offense. If the conviction results from a guilty plea, the offender must, as part of his or her plea of guilty, voluntarily and affirmatively admit he or she committed all of the elements of the crime to which the offender is pleading guilty. This alternative is not available to offenders who plead guilty to the offense charged under *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1972) and *State v. Newton*, 87 W[n].2d 363, 552 P.2d 682 (1976);

(b) The offender has no prior convictions for a sex offense as defined in RCW 9.94A.030 or any other felony sex offenses in this or any other state;

(c) The offender has no prior adult convictions for a violent offense that was committed within five years of the date the current offense was committed;

(d) The offense did not result in substantial bodily harm to the victim;

(e) *The offender had an established relationship with, or connection to, the victim such that the sole connection with the victim was not the commission of the crime*; and

(f) The offender's standard sentence range for the offense includes the possibility of confinement for less than eleven years.[7]

Thus, under the plain language of the statute, to be eligible for a SSOSA, the defendant must have had an established relationship with the victim. Here, it is undisputed that Willhoite did not have a relationship with any of the victims. He was therefore ineligible for a SSOSA.

---

7 (Emphasis added.)

¶9 Willhoite's argument that there was no evidence establishing a victim here does not change this result. As set forth above, the statute is clear that eligibility depends on the listed conditions, including the existence of a victim who has a relationship with the offender.[8] Thus, even if there were no victim as Willhoite contends, he would still fail to meet this condition and would remain ineligible under the plain language of the statute.

¶10  We reverse and remand for resentencing.

DWYER, C.J., and APPELWICK, J., concur.

Review denied at 174 Wn.2d 1006 (2012).

---

[8] "An offender *is eligible* for the special sex offender sentencing alternative *if* . . . ." RCW 9.94A.670(2) (emphasis added).