

**FILED**
**JUNE 11, 2020**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36365-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JESSICA L. VAZQUEZ, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Jessica Vazquez appeals from three drug-related convictions claiming ineffective assistance of counsel and errors in the judgment and sentence. We affirm the convictions and reverse some of the challenged sentence conditions.

## FACTS

Pursuant to a search warrant based on an informant's tip, Asotin County deputy sheriffs searched a "drug house" occupied by several people. The deputies discovered methamphetamine in Ms. Vazquez's bedroom. Charges of maintaining a drug dwelling, possession of methamphetamine with intent to deliver, and possession of drug paraphernalia were filed.

The prosecutor offered a plea agreement calling for a 24 month sentence. Ms. Vazquez indicated that she would accept the offer if the sentencing could be delayed two weeks to allow her to visit with her family. Having made the offer in order to free jail space, the prosecutor objected to a continuance; the trial judge declined to continue sentencing. Ms. Vazquez rejected the agreement and proceeded to jury trial.

Ms. Vazquez testified in her own behalf that she lived in the house and helped the home owner control matters. While Ms. Vazquez admitted to extensive history of drug use, she denied that the methamphetamine belonged to her. She claimed that a binder indicating drug sales actually tracked money people pledged to help her return to Idaho because "I don't sell enough drugs for people to owe me money." During cross-examination, the State elicited Ms. Vazquez's complete criminal history, including prior controlled substance convictions.

Defense counsel's theme throughout trial was that Ms. Vazquez was the wrong target of the law enforcement investigation. The jury convicted Ms. Vazquez on all charges. The court imposed a standard range sentence and imposed financial obligations that included a $200 criminal filing fee, a drug fine, methamphetamine cleanup fee, lab fee, and DNA testing fee. The court also required HIV testing.

Ms. Vazquez timely appealed to this court. A panel considered her case without hearing argument.

ANALYSIS

We first consider Ms. Vazquez's argument that her trial attorney provided ineffective assistance. We then consider her sentence-related arguments.

*Ineffective Assistance Argument*

Ms. Vazquez challenges her defense attorney's conduct before, during, and after trial. She claims that counsel erred by failing to negotiate a favorable plea bargain, that counsel had personal issues, counsel should have objected to evidence during trial, and should have challenged the legal financial obligations (LFOs).[1] With the exception of the LFO challenges that are considered independently, we address each issue in turn.

This issue is reviewed in accordance with well settled law. Counsel's failure to live up to the standards of the profession will require a new trial when the client has been prejudiced by counsel's failure. *State v. McFarland*, 127 Wn.2d 322, 334-335, 899 P.2d 1251 (1995). Courts apply a two-pronged test: whether or not (1) counsel's performance failed to meet a standard of reasonableness and (2) actual prejudice resulted from counsel's failures. *Strickland v. Washington*, 466 U.S. 668, 690-692, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). When a claim can be resolved on one ground, a reviewing court need not consider both prongs. *Id.* at 697; *State v. Foster*, 140 Wn. App. 266, 273, 166

---

[1] We do not separately address Ms. Vazquez's cumulative error claim because we necessarily review the entirety of counsel's performance when evaluating ineffective assistance claims.

P.3d 726 (2007). This claim requires we review counsel's performance as a whole to ascertain whether counsel rendered effective assistance. *State v. Ciskie*, 110 Wn.2d 263, 284, 751 P.2d 1165 (1988). Review is highly deferential and we engage in the presumption that counsel was competent; moreover, counsel's strategic or tactical choices are not a basis for finding error. *Strickland*, 466 U.S. at 689-691.

Ms. Vazquez does not provide any authority suggesting that counsel is ineffective for failing to negotiate a plea agreement, let alone a superior plea deal with desired conditions. Counsel has a duty to provide effective assistance during plea bargaining, which constitutes providing meaningful advice about the relevant consequences. *State v. James*, 48 Wn. App. 353, 362, 739 P.2d 1161 (1987). Here, counsel obtained an offer that apparently was acceptable to Ms. Vazquez, but she ultimately rejected it for a collateral reason. No evidence suggests Ms. Vazquez received improper or ineffective plea advice. This argument is utterly lacking factual or legal support.

Only evidence in the trial court record can be considered on appeal. *McFarland,* 127 Wn.2d at 337-338 & n.5. While there is a passing reference in the record to personal challenges experienced by Ms. Vazquez's defense attorney, nothing in the record suggests counsel was impaired at trial. Claims that defense counsel was inattentive or indisposed at trial require evidence of actual prejudice from the record. *Matter of Lui*, 188 Wn.2d 525, 540-542, 397 P.3d 90 (2017). This issue, too, utterly lacks factual support in the record.

4

The remainder of the challenges assert that counsel should have objected to questions asked of her client or challenged some of the evidence offered by the prosecutor. We lump these challenges together because, individually and collectively, they fail to overcome the presumption that counsel performed effectively.

As the *Strickland* court noted, no two lawyers would try a case in the same manner. 466 U.S. at 689. Accordingly, discerning error from an undeveloped appellate record is largely a fruitless undertaking because the decision to object is a "classic example of trial tactics." *See State v. Madison*, 53 Wn. App. 754, 763, 770 P.2d 662 (1989). "Only in egregious circumstances, on testimony central to the State's case, will the failure to object constitute incompetence of counsel." *Id*. A reviewing court presumes that a "failure to object was the product of legitimate trial strategy or tactics, and the onus is on the defendant to rebut this presumption." *State v. Johnston*, 143 Wn. App. 1, 20, 177 P.3d 1127 (2007) (citing cases). Defense counsel may also make a reasonable tactical decision not to object to inadmissible evidence when such an objection may draw undesired attention or impair a defense strategy. *State v. Gladden*, 116 Wn. App. 561, 568, 66 P.3d 1095 (2003).

Most of Ms. Vazquez's contentions present evidentiary arguments that in some contexts could have succeeded if raised at trial due to the discretion afforded the trial

judge over the admission of evidence.[2] *State v. Clark*, 187 Wn.2d 641, 648-649, 389 P.3d 462 (2017). However, none of these potential claims established error in the context of this trial. Ms. Vazquez was arrested inside of a house full of drug users with ample evidence of drug use throughout the building. Trial counsel's theory of the case played to those facts—Ms. Vazquez was just another user rather than a dealer.

Defense counsel presented a consistent theme at trial that Ms. Vazquez was a victim of police "tunnel vision" that ignored more culpable individuals. Counsel developed a defense theory to serve her client consistent with professional standards. Under the circumstances, the appellate claim rings hollow. Ms. Vazquez did not establish either that her counsel erred or that her trial was rendered unfair by counsel's mistakes. Thus, she has not proved her claim of ineffective assistance of counsel.

*Sentencing Contentions*

Ms. Vazquez challenges the imposition at sentencing of the criminal filing fee, various drug fines mentioned below, the DNA testing fee, and a HIV testing requirement. We grant relief on most of her arguments.

A defendant is subject to a mandatory $2,000 fine for a subsequent drug offense unless the court finds the defendant indigent. RCW 69.50.430(2). Methamphetamine

---

[2] *E.g.*, *State v. Warren*, 134 Wn. App. 44, 65, 138 P.3d 1081 (2006) (admission of prior convictions otherwise excluded by ER 609); *State v. Bourgeois*, 133 Wn.2d 389, 402-403, 945 P.2d 1120 (1997) (prosecutor may pre-empt credibility challenge to witness).

possession under RCW 69.50.401(2) requires a mandatory cleanup fine when the

quantity exceeds two kilograms, but it is otherwise discretionary. *State v. Corona*, 164

Wn. App. 76, 78-80, 261 P.3d 680 (2011). Crime laboratory fees may be suspended if

the defendant is indigent. RCW 43.43.690(1). Trial courts may not impose discretionary

LFOs on indigent defendants, including the $200 criminal filing fee. *State v. Ramirez*,

191 Wn.2d 732, 739, 426 P.3d 714 (2018).

The trial court found that Ms. Vazquez was indigent. Neither party disputes the

$200 filing fee must be waived. The trial court erroneously treated the drug fine, crime

laboratory fee, and methamphetamine cleanup fee[3] as mandatory. Because Ms. Vazquez

is indigent, those fees should have been waived. The court found no evidence that Ms.

Vazquez was previously ordered to provide DNA; that fee was properly imposed.

The trial court may order HIV testing if it "determines at the time of conviction

that the related drug offense is one associated with the use of hypodermic needles."

RCW 70.24.340(1)(c). The court must enter an appropriate finding to establish whether

the defendant used or intended to use needles as part of the offense. *State v. Mercado*,

181 Wn. App. 624, 635-636, 326 P.3d 154 (2014).

---

[3] Ms. Vazquez possessed 8.2 ounces of methamphetamine, which is below the statutory requirement of 2 kilograms.

The record does not establish that Ms. Vazquez used needles as part of this offense. Her testimony only described smoking methamphetamine. Without an appropriate basis for the finding, we reverse the HIV testing order.

Affirmed and remanded to strike the noted provisions from the judgment and sentence.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, A.C.J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Siddoway, J.