IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 38944-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ROBERTA BRESNAHAN JONES, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, C.J. — Roberta Jones appeals the sentencing court's imposition of

discretionary legal financial obligations (LFOs) because the court failed to review her

ability to pay. At sentencing, defense counsel did not object to the imposition of the

obligations. We entertain Jones' challenge anyway and remand for a new determination

of LFOs. Since the time of her sentencing, the legislature has amended the law to direct

waiver of certain obligations if the defendant is indigent.

## FACTS

In November 2018, a confidential informant (CI) informed the Quad Cities Drug

Task Force (QCDTF) that appellant Roberta Bresnahan Jones and her boyfriend, Timothy

Torrez, brought a pound of methamphetamine from Pasco into the Lewiston-Clarkston

Valley for distribution. The informant claimed that Jones and Torrez stored the drug at

Jones' residence and Torrez's parents' residence. At sentencing, Jones admitted to a

methamphetamine addiction, which led to a downward spiral of her well-being.

On December 11, 2018, the CI informed the QCDTF that Roberta Jones had left town to obtain more methamphetamine. The QCDTF arranged for surveillance of Jones' residence, and the reconnaissance confirmed the CI's disclosures.

As the QCDTF sought a search warrant for Roberta Jones' residence, Timothy Torrez left Jones' residence in Jones' vehicle. The QCDTF conducted a traffic stop. A search of the car yielded a quarter pound of methamphetamine behind the front seats. Torrez admitted he knew of the presence of the drug, but described the amount as "personal amounts." In a search incident to arrest, law enforcement recovered $5,153 in cash from Torrez's person. The amount of $2,500 was bundled in $100 increments and secured with rubber bands. At trial, a detective testified that the bundling was a practice common in the narcotics trade because the bundling permits faster counting.

A search of Roberta Jones' residence yielded a quarter pound of methamphetamine in the living room behind a recliner. In the kitchen, law enforcement seized packaging material and a digital scale covered in methamphetamine residue. QCDTF found a small amount of methamphetamine on a bedroom nightstand.

PROCEDURE

The State of Washington charged Roberta Jones and Timothy Torrez with possession of methamphetamine with intent to deliver and conspiracy to commit possession of methamphetamine with intent to deliver. The trial court denied Jones' motions to suppress the evidence and to dismiss the charges.

Roberta Jones gained pretrial release from jail by posting a bond. The trial court initially appointed Jones a public defender, but she later hired private counsel who represented her at trial. Jones' brother and sister-in-law paid for the private attorney.

Following trial, a jury found Roberta Jones and Timothy Torrez guilty of both charges. At the sentencing hearing, the State argued for a high-end sentence of forty-four months. The superior court sentenced Roberta Jones to forty-two months of incarceration and one year of community custody.

At sentencing, the State also sought impositions of nine assessments, costs, penalties, or fines. We refer to these impositions collectively as legal financial obligations, LFOs, or obligations. The State recognized a crime lab fee to be $100, but asked that the court double the sum because of Jones' convictions for both possession and conspiracy to possess. The superior court asked Jones no questions about her financial condition. Jones' sentencing counsel did not address the State's request for LFOs.

The sentencing court imposed the following LFOs in the judgment and sentence:

A. $ 750 Court appointed attorney        RCW 9.94A.760
B. $ 200 Criminal filing fee            RCW 36.18.020(2)(h),
C. $ ___ Community custody fees         RCW 9.94A.703(2)
D. $ 100 DNA collection fee             RCW 43.43.7541
E. $ 500 Victim penalty assessment      RCW 7.68.035
F. $ 1,000  Criminal fine               RCW 9A.20.021
G. $ 1,000 VUCSA fine                   RCW 69.50.430(1)
H. $ 3,000 Methamphetamine clean up fee RCW 69.50.401(a)(1)(ii)
I. $ 200 Crime lab fee                  RCW 43.43.690

The sentencing court imposed a total of $6,750 in LFOs. Because community custody

will not occur for many years, the court could not specify the amount to be paid for

supervision costs. The LFO section of Roberta Jones' judgment and sentence contained

the following boilerplate language:

> 2.5 ABILITY TO PAY LEGAL FINANCIAL OBLIGATIONS. The
> Court has considered the total amount owing, the Defendant's past, present
> and future ability to pay legal financial obligations, including the
> Defendant's financial resources and the likelihood that the Defendant's
> status will change. The Court finds that the Defendant has the ability or
> likely future ability to pay the legal financial obligations imposed herein.
> RCW 9.94A.142.

CP at 153.

When appealing the judgment and sentence, Roberta Jones asked for appointment

of counsel at public expense. She declared no assets or income. The superior court

granted the request for an appointed attorney.

LAW AND ANALYSIS

On appeal, Roberta Jones assigns error to most of the legal financial obligations

imposed on her. Because Jones did not challenge the imposition of the obligations before

the sentencing court, the State suggests that we withhold review of the assignments of

error. Jones seeks review anyway. Jones, in the alternative, asserts she suffered

ineffective assistance of counsel by reason of her trial counsel's failure to object to the

LFOs.

4

Reviewability of Unchallenged LFOs

The State mentions that this court may decline to review the challenge to the obligations because Jones did not preserve error before the superior court. The first sentence of RAP 2.5 declares:

> (a) Errors Raised for First Time on Review. The appellate court may refuse to review any claim of error which was not raised in the trial court.

(Boldface omitted.) RAP 2.5(a) governs the review of issues not raised in the trial court and grants appellate courts discretion to accept review of claimed errors not appealed as a matter of right. *State v. Blazina*, 182 Wn.2d 827, 834-35, 344 P.3d 680 (2015).

The Washington Supreme Court deems challenges of LFOs compelling for review under RAP 2.5(a) given national and local cries for reform of broken LFO systems. *State v. Blazina*, 182 Wn.2d 827, 835 (2015). The Washington Supreme Court recognizes that LFOs carry problematic consequences for persons convicted of crimes and such burdens inhibit reentry into society, which ultimately proves more costly for society as a whole. *State v. Blazina*, 182 Wn.2d 827, 836-37 (2015). The high court authorized, if not encouraged, the Court of Appeals to address contests to LFOs raised for the first time on review. *State v. Blazina*, 182 Wn.2d 827, 836 (2015).

While relying on RAP 2.5(a), the State urges this court to deny review of Roberta Jones' objections because they do not fall under the enumerated examples in RAP 2.5(a) as errors that may be raised for the first time on appeal. Under the rule, a party may raise

the following claimed errors for the first time in the appellate court: (1) lack of trial court jurisdiction, (2) failure to establish facts upon which relief can be granted, and (3) manifest error affecting a constitutional right. RAP 2.5(a). Nevertheless, the Supreme Court deems these three errors to afford an appeal as a matter of right, rather than one subject to the discretion of the court of appeals. *State v. Blazina*, 182 Wn.2d 827, 834-35 (2015).

Because of the Washington policy behind allowing an offender a fresh start, we agree to review Roberta Jones' assignments of error. We need not address whether Jones suffered ineffective assistance of counsel.

We first review whether the superior court must consider the financial condition of the offender in relation to each of the nine obligations imposed on Roberta Jones. After examining each challenged obligation to discern the need for determination of an ability to pay, we analyze whether this court should consider Jones indigent. In fairness to the sentencing court, the law has changed since the sentencing of Jones.

Court-Appointed Attorney Fees

RCW 10.01.160(3) governs the imposition of three of the LFOs contested by Roberta Jones. The statute employs the terms "costs" and declares:

> The court shall not order a defendant to pay costs *if the defendant at the time of sentencing is indigent*.

6

RCW 10.01.160(3) (emphasis added). The first of the three obligations is court appointed counsel fees. Court-appointed attorney's fees are costs. *In re Personal Restraint of Dove*, 196 Wn. App. 148, 155, 381 P.3d 1280 (2016).

## Criminal Filing Fee

RCW 36.18.020(2)(h) controls imposition of the criminal filing fee on the offender as an LFO. The statute references RCW 10.01.160(3) and denies authority for granting the fee on indigency. The statute reads:

> Upon conviction or plea of guilty . . . an adult defendant in a criminal case shall be liable for a fee of two hundred dollars, except this fee shall not be imposed on a defendant who is indigent as defined in RCW 10.01.160(3).

## Community Custody Supervision Fees

When the superior court sentenced Roberta Jones, RCW 9.94A.703(2)(d) required the court to order the offender to pay community custody supervision fees assessed by the department of corrections "unless waived by the court." In 2022, the legislature amended the statute to omit subsection (d), which required imposition of the supervision fees. RCW 9.94A.703(2) (LAWS OF 2022, ch. 29, § 8 (eff. July 1, 2022)). The amendment removed the obligation to pay the fees regardless of the financial condition of the offender. In *State v. Wemhoff*, 24 Wn. App. 2d 198, 202, 519 P.3d 297 (2022), this court ruled that the amendatory changes adopted in 2022 apply prospectively to cases in which an appeal was active at the time of the change.

The State concedes that the current statute regarding these fees no longer authorizes the imposition of the fee and it must be struck on remand regardless of Roberta Jones' pecuniary situation.  We agree.

## DNA Collection Fee

At the time of her Roberta Jones' sentencing, former RCW 43.43.7541 directed imposition of a fee to collect a DNA sample for an offender:

> Every sentence imposed for a crime specified in RCW 43.43.754 must include a fee of one hundred dollars unless the state has previously collected the offender's DNA as a result of a prior conviction.  The fee is a court-ordered legal financial obligation as defined in RCW 9.94A.030 and other applicable law.

The legislature repealed the DNA sample fee in 2023.  LAWS OF 2023, ch 449, § 4 (eff. July 1, 2023).  Because Roberta Jones' appeal was pending at the effective date, the amendment applies.  *State v. Wemhoff*, 24 Wn. App.2d 198, 202 (2022).  The State concedes that this court should remand to the trial court with instructions to strike the fee.

## Victim Penalty Assessment (VPA)

At the time of Roberta Jones' sentencing, RCW 7.68.035(1)(a) mandated:

> [w]hen any adult person is found guilty in any superior court of having committed a crime . . .  there shall be imposed by the court upon such convicted person a penalty assessment. . . . in addition to any other penalty or fine imposed by law and shall be five hundred dollars for each case or cause of action that includes one or more convictions of a felony.

In 2023, the Washington legislature amended RCW 7.68.035(1)(a) to impose VPA on any adult found guilty of a crime in superior court "[e]xcept as provided in subsection (4)

8

of this section [RCW 7.68.035(1)(a)]." LAWS OF 2023, ch. 449, § 1 (eff. July 1, 2023).

The referenced new subsection 4 provides:

> The court shall not impose the penalty assessment under this section if the court finds that the defendant, at the time of sentencing, *is indigent* as defined in RCW 10.01.160(3).

RCW 7.68.035(4) (emphasis added). This amendment to RCW 7.68.035(1)(a) applies to

a case on direct appeal. *State v. Ellis*, 27 Wn. App. 2d 1, 16-17, 530 P.3d 1048 (2023).

### Standard $1,000 Fine

RCW 9A.20.021 lists the maximum fines for three tiers of felony convictions in

Washington. *State v. Clark*, 191 Wn. App. 369, 374 n.3, 362 P.3d 309 (2015). Class A

felonies carry a $50,000 maximum fine. Class B felonies bear a maximum $20,000 fine.

Class C felonies merit a $10,000 maximum fine. Gross misdemeanors are subject to a

$5,000 fine. Finally, misdemeanors carry a $1,000 maximum fine. RCW 9A.20.021.

The $1,000 fine authorized by RCW 9A.20.021(1)(c) is not a court cost subject to

RCW 10.01.160(3) and is not subject to review for the first time on appeal. *State v.*

*Clark*, 191 Wn. App. 369, 376 (2015). Thus, Roberta Jones sentencing court properly

imposed the fine.

### VUCSA Penalty

The State convicted Roberta Jones with possession of a controlled substance with

the intent to deliver and conspiracy to commit the same crime. Both crimes constitute

violations of the Uniform Controlled Substance Act, acronymmed as VUSCA.

RCW 69.50.401(2)(b); RCW 69.50.407.  RCW 69.50.430(1) reads:

> Every adult offender convicted of a felony violation of RCW
> 69.50.401 . . . [or] 69.50.407 . . . must be fined one thousand dollars in
> addition to any other fine or penalty imposed.  Unless the court finds the
> adult offender to be indigent, this additional fine may not be suspended or
> deferred by the court.

The judgment and sentence form maintains a place to check "deferred due to indigence

RCW 69.50.430."  CP at 153.  Thus, we conclude that, assuming Roberta Jones to be

indigent, the sentencing court could have waived the penalty.

## Methamphetamine Cleanup Fee

RCW 69.50.401(2) authorizes the sentencing court to impose a $3,000 fee on a

conviction for possession of methamphetamine in order to help defray law enforcement's

costs of eradicating the dangerous drug.  Still, the fine is discretionary.  *State v. Corona*,

164 Wn. App. 76, 78-80, 261 P.3d 680 (2011).  Because we remand the sentence for

other reasons, we include in the remand order a direction to exercise discretion with

regard to the cleanup fee.

## Crime Lab Fee

We arrive at the last LFO for review.  RCW 43.43.690(1) authorizes imposition of

a crime laboratory fee:

> When an adult offender has been adjudged guilty of violating any
> criminal statute of this state and a crime laboratory analysis was performed
> by a state crime laboratory, in addition to any other disposition, penalty, or

> fine imposed, the court shall levy a crime laboratory analysis fee of one hundred dollars for each offense for which the person was convicted. Upon a verified petition by the person assessed the fee, the court may suspend payment of all or part of the fee if it finds that the person does not have the ability to pay the fee.

The statute allows for waiver of the fee but only if the offender files a verified petition seeking relief. To our knowledge, Roberta Jones never filed a petition. She may do so on remand.

The sentencing court imposed two laboratory fees, without a showing by the State that the two crimes committed by Roberta Jones required two analyses. The conspiracy conviction paralleled the delivery conviction. Still, RCW 43.43.690(1) imposes a crime lab fee for each offense of conviction. On remand, the sentencing court, if it does not waive the fee, should address the anomaly of whether to impose two fees if the laboratory performed only one analysis.

Indigency

We have already concluded that, under new legislation and regardless of a finding of indigency, the sentencing court may no longer impose community custody supervision fees or a DNA collection fee. The court holds discretion as to whether to impose the methamphetamine cleanup cost fee and the standard criminal fine under RCW 9A.20.021 regardless of the offender's financial situation. Under new legislation, the sentencing court should refrain from imposing court-appointed fees, the criminal filing fee, the victim penalty assessment, and the penalty for violation of the uniform controlled

11

substances act, if the offender is indigent. If the offender files a petition to waive the

crime laboratory fee, the sentencing court holds discretion to waive the penalty.

We now address Roberta Jones' financial condition for purposes of the imposition

of obligations. The sentencing court made no finding, for purposes of LFOs, that Roberta

Jones was indigent or that Jones possessed the ability to pay. The court found Jones

indigent for purposes of trial counsel and appeal counsel.

RCW 10.01.160(3) defines indigency for purposes of legal financial obligations:

> For the purposes of this section, a defendant is "indigent" if the
> defendant: (a) Meets the criteria defined in RCW 10.101.010(3)(a) through
> (c); (b) is homeless or mentally ill as defined in RCW 71.24.025; (c) has
> household income above 125 percent of the federal poverty guidelines and
> has recurring basic living costs, as defined in RCW 10.101.010, that render
> the defendant without the financial ability to pay; or (d) has other
> compelling circumstances that exist that demonstrate an inability to pay.

RCW 10.101.010(3), in turn, identifies an indigent person as a person "at any stage of a

court proceeding [who] is: . . . (c) Receiving an annual income, after taxes, of one

hundred twenty-five percent or less of the current federally established poverty level."

Before imposing discretionary LFOs, the trial court must conduct an

individualized inquiry on the record concerning a defendant's current and future ability to

pay. *State v. Ramirez*, 191 Wn.2d 732, 742, 426 P.3d 714 (2018). This requires the court

to consider important factors, such as incarceration, the defendant's other debts, the

defendant's present employment and past work experience, income, assets, and other

financial resources. *State v. Ramirez*, 191 Wn.2d 732, 742 (2018). Preprinted boilerplate

findings are inadequate to document the inquiry. *State v. Ramirez*, 191 Wn.2d 732, 742

(2018). If the defendant meets the legal standard for indigency, courts should seriously

question that person's ability to pay LFOs. *State v. Blazina*, 182 Wn.2d 827, 839 (2015).

Still, the sentencing court retains discretion as long as the discretion is not unreasonably

abused. *State v. Ramirez*, 191 Wn. 2d 732, 741 (2018).

The State argues that Roberta Jones possesses the wealth or income to pay LFOs

because she sold methamphetamine and she hired private defense counsel. Jones

responds that she lacks any income or savings in part because of her methamphetamine

use. She qualified for public counsel. Jones asks that we strike all of the discretionary

legal financial obligations.

We decline to adopt the request of either party. Because the superior court has not

engaged in an individual inquiry of Roberta Jones' assets, income, and debt and because

the court has not exercised discretion based on the inquiry, we remand to the superior

court for a redetermination of legal financial obligations.

## CONCLUSIONS

We remand to the superior court for a redetermination of LFOs. On remand, the

court should strike the community custody supervision fees and the DNA collection fee.

If Roberta Jones files a petition to waive the crime laboratory fee, the court should

exercise discretion when determining whether to waive the fee, and, if not, decide

whether two fees may be imposed. The superior court should also conduct an individual

inquiry into the financial condition of Jones, discern whether she is indigent, and thereafter exercise discretion in deciding whether to impose court-appointed fees, the criminal filing fee, the victim penalty assessment, and the penalty for violation of the uniform controlled substances act.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, C.J.

WE CONCUR:

_____
Pennell, J.

_____
Staab, J.